9:23-cv-02537-DCC-MHC

## SWORN AFFIDAVIT

RECEIVED
USRC CLERK, COLUMBIA, SC

2023 JUN -7 PM 12:01

On the 31st Day of May, 2023, I, Anthony Delane Johnson, Register Number: 25082-076, while Incarcerated at F.C.I. Edgefield, In Edgefield South Carolina, Do hereby certify that under the penalty of perjury, pursuant to 28 U.S.C. §§ 1746, that the essential facts constituting a civil Rights violation of said Defendants Is not only believable and supported by an 43 page Exhibit, but Is Indeed factual, accurate and to the best of my Knowledge.

The Information detailed within my 10 page Motion (Pro-se) Is true.

Anthony D. Johnson #25082-076

AFFIANT

Date: May 31, 2023

RECEIVED USDC
CLERK, CHARLESTON, SC
2023 JUN 12 PM 12:49

IN THE DISTRICT COURT

FOR THE UNITED STATES OF AMERICA

DISTRICT OF SOUTH CAROLINA

ANTHONY D. JOHNSON,

      Plaintiff,

    9:23-cv-02537-DCC-MHC

vs.

    Case No._____

S. Jansen, Warden, Individually and officially; Warden Phelps, Individually and officially; L. Newcombe, HSA, Individually and officially; S. Lahman, HSA, Individually and officially; M. Taylor, M.D., Individually and officially; H. Lopez, MS/SER MAST Physician, Individually and officially; K. Huggins, FNP-BC, Individually and officially.

      Defendants.

## COMPLAINT OF DELIBERATE INDIFFERENCE, CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C.S § 1983

### I. INTRODUCTION

1. This case seeks money damages, pursuant to Bivens v. Six unknown Named Agents of Federal Bureau of Narcotics, 403 U.S.

388, 91 S.Ct. 1999, 29 L.Ed. 2d 614 (1971)("BIVENS")
who claims a violation of his 8th Amendment right to
medical care through the Deliberate Indiffrence of S. Jansen,
(Warden) S.W. Phelps, (Warden), L. Newcombe, (HSA), S. Lahman,
(HSA) M. Taylor, (M.D.), H. Lopez (MAST Physician), and
K. Huggins, (FNP-BC), Defendants.

## II. PRISONER STATUS

2. Plaintiff is currently housed and sentenced at F.C.I
Edgefield.

## III. FEDERAL JURISDICTION AND VENUE

3. This Action is brought pursuant to 42 U.S.C. §§ 1983
and is premised on the Eighth Amendment of The U.S.
Constitution. This court has original subject matter
Jurisdiction of the Federal Questions presented pursuant to
28 U.S.C. §§ 1331 and 1343.

4. This court has Supplemental Jurisdiction over
Plaintiffs claims pursuant to 28 U.S.C. §§ 1367.

5. Venue is proper in this court, Pursuant to 28 U.S.C.
§§ 1391, because the events giving rise to this Action
occured in, and the Defendants are located in the District of
South Carolina.

## FACTS

6. In 2009, Plaintiff had Surgery to remove a Keloid
formation. He was taking Injections to prevent Its return
and since being Incarcerated In 2011, Treatment stopped.

2.

On or about August 2016, The Keloid formation began to return. It was relatively small and not painful.

On or about August 6, 2019, he noticed that he was growing discomfort and in pain from the Keloid, and It was growing in size. It hurt when he slept or any pressure applied.

At that time he was housed at U.S.P. Victorville.

At that time It was measured at 4.0 x 3.0cm with "Pain +++ on palpation." Head and neck surgery was requested due to size and location and a consultation/procedure with a target date of September 6, 2019 was set. (see Exhibit #1 at subjective and New consultation requests and Exhibit #2 at Exam Comments). The consultation was not to happen and Plaintiff was transferred to F.C.I. Edgefield, In March 2020 due to custody level decrese, and lack of Lockdowns at a Medium custody Institution.

7. On March 11, 2020, Plantiff "was seen for his 14 day chronic care visit." He told the staff, "He had the Keloid on his left ear lobe for years. It was once removed but It has since returned and Is larger than ever. He stated that It pulled on his ear and caused pain If he tried to lay on his left side." His pain scale was recorded as an "8". (see Exhibit #3 at subjective (2) and pain Assessment).

8. At this time, the CNP wrote, "consult for possible removal of Keloid. Hx of removal, currently measuring 5cm, x 4cm x 2cm. Tender to palpation, causes pain." (see Exhibit #4 Reason For Request). Under OTHER It states, "s/p removal once. Large and symptomatic. Consult for Plastic Surgery Evaluation". (see Exhibit 5 at #7 left Earlobe Keloid). (See Also Exhibit #4).

9. Surgery was not carried out.

10. From March 11, until surgery, Plaintiff suffered contlnuously and was not even given the minimum medication to treat pain. He continued to complain to medical, HSA and

3.

11. He reported his frustrations at delays and lack of treatment with Medical. (see Exhibit's #7,8,9,10,11,12,13).

12. To prevail on a claim of deliberate Indifference, a prisoner must Satisfy a two-part test:

(i) Does the Prisoner have an 'objectively serious medical condition'. (A medical condition is objectively serious If a physician has diagnosed It as requiring treatment Or, the need for treatment would be obvious to a lay person (123 F. Supp. 3d 1076).

13. The Plantiff would like to satisfy Part one of proving a serious medical condition which was diagnosed and required treatment and would be obvious to a lay person. Exhibit #14, on 10/26/2020, Plantiff was sent to the outside Dermatologist for evaluation of keloid on his left ear. Plantiff was Diagnosed with a serious medical condition that It needed to be removed. The Dermatologist gave the Plantiff a steroid Injection to prepare for sergury and was Scheduled to return In 3-4 weeks for removal. Consultation was written. Exhibit #15, Plantiff reported pain, heaviness and odor to left ear. Unable to properly clean behind ear and keloid due to pain. Exhibit #15 also proves per providers exam-comments that deterriation was present with small scab noted and keloid noted to have Increased In size from 10/26/2020 to 6/17/2021.

14. To prevail on a claim of Deliberate Indifference, a prisoner must Sat isfy a two part test. Part two: A prisoner has to show that a prison offical has subjective knowledge of - and then Disregards - an excessive risk to Inmate health. (4114 F.3d at 653). (see Exhibit #14). To prove part 2 of an Deliberate Indifference claim, after the outside Dermatologist gave

4.

the plantiff a steroid Injection for his keloid but prison officals Disregarded the outside Doctors 3-4 week follow up for serqury and Dr. Taylor took upon himself to order that he would Instead give me (3) steroid Injections which I would have to painfully endure before he or any prison official would resubmitt me to see the outside Dematologist.

15. On November 16, 2020, Dr. Taylor recklessly Disregarded Doctors orders and gave me a sterlod Injection In my keloid. (see Exhibit #17).

16. The third and final Injection was scheduled on December 14, 2020 by Dr. Taylor and If no Improvement after the third Injection, then I would be refered back to dermatologist for surgical removal of keloid. (see Exhibit #18)

17. The Plantiff's health was recklessly disregarded and medical treatment delayed. The Plantiff would suffer and would not recieve his third (3) and final sterlod Injection untill ~~xxxxx~~ months later on March 4, 2021. (see Exhibit #19, 20 and #21).

18. Despite Prison officals like H. Lopez (MS/SER MAST Physician) having Knowledge of Plantiffs serious medical condition and outside Dermatoligists orders for surgery, his health was Disregarded. (see Exhibit #22).

19. In addition, Plantiff filed an Institutional grievance for Delay In medical attention and S. Lanham, (HSA) also disregarded Plantiff's serious medical condition. (see Exhibit #23).

20. Prison officals were continuously notifyed and Plantiff would continue to suffer In pain. E-mails were sent to Warden S.W. Phelps, (HSA) Lanham, Sick call requests were filled and all to no avail. (see Exhibits #24 - 29). (see Also Exhibits #30 and 31).

5

21. On 10/21/2021, Dr. Taylor further disregarded Plantiff's serious Medical condition and serious health by disregarding Plantiffs Quality of Pain being at a Pain scale 9, He Deliberatly Ignored Plantiffs health and on Exam comments, wrote, "no significant change since last year." (See Exhibit #32).

22. To further prove Deliberate Indiffrence, on 10/26/2021, Five Days after Dr. Taylor Noted, "no significant change since last year." Documenting Plantiffs Kelold on ear size at "4x4cm" — (see Exhibit #32) The outside Dermatoligist measured Plantiffs Keloid as Increasing since last visit and measuring 5cm, Base measures about 3cm. (See Exhibit #33).

23. On 10/26/2021, the Plantiff had the keloid removed from his Left ear. Per Doctors orders, "Regular appointments. Follow up for Injections or Keloid would just recur." Also, per Doctors orders, from 10/26/2021, "Discussed would like to see back In about 2 weeks to inject area with Kenalog In order to prevent recurrence." (See Exhibit #33).

24. On 11/9/2021, stitches were removed form plantiffs ear. Knowledge noted of follow up. (see Exhibit #34).

25. On 11/15/2021, the Plantiff was sent to outside Dermatologist for Injection and ordered to be seen In 4-6 weeks as Discussed In (Exhibit #33). Since then, the Defendants Individually and officially, through Deliberate Indifference, Allow the Plantiff to continue to Suffer In pain, and allow Keloid to return to Plantiffs ear In recklessly disregarding Doctors orders and Diagnosed treatment. (See Exhibit #35).

6

26. On November 2, 2020, a note was added by Dr. Lopez, effectively cancelling the surgery. (See Exhibit #22 at Discontinued Consultation Requests).
Clearly Delaying medical treatment and a clear Disregard of Plantiffs health. (See Exhibits# 36 - 437).

## CONCLUSION

At every step, Plantiff believes he has successfully passed the "Two-part" test. The Supreme Court has held that: Deliberate Indifference to Serious Medical needs of prisoners constitutes the unnecessary and wanton Infliction of pain proscribed by the 8th Amendment. This IS true whether the Indifference IS manifested by prison Doctors In their response to the prisoners needs or by prison guards In Intentionally denying or delaying access to medical care or, Intentionally Interfering with the treatment once prescribed.
Regardless of how evidenced, Deliberate Indifference to a prisoners Serious Illness or Injury states a cause of action under §§ 1983. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, (1976) (citations, quotation marks and footnotes omitted.) "only those deprivations denying the minimal civilized measure of lifes necessities are sufficiently grave to form the basis of an 8th Amendment violation." Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321 (1991) Plaintiff was not once prescribed any pain medicine for Plantiffs pain, and his grievances and pleas of help were either Ignored or rejected. He officially complained and alerted Numerous staff and Medical and suffered retallation when his already scheduled Surgery was cancelled. At the least proves "Deliberate Indifference" of his medical needs In the earnest. See: Rodriguez v. Plymouth

7

Ambulance Service, 577 F.3d 816,828 (7th Cir, 2009).
Plantiff has clearly shown that not only did the
Defendants, Newcombe, Lahman, Taylor, Lopez, Huggins, S.W. Phelps
and Jansen know of his medical condition and needs, but
Ignored professional recommendations for surgery by licensed
Doctors/Dermatologist; used pointless and extra painful Injections
and deliberately cancelled surgery and let him suffer.
The 8th Amendment also forbids, not only deprivations or
medical care that produce physical torture and lingering
death, but also less serious denials **which** cause or
perpetuate pain.
Further, the plaintiff contends that the evidence presented
should/shall be viewed In the light most favorable to
the plantiff, drawing all resonable Inferences In his
favor. See Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d
423, 428 (2d Cir, 2001).

## Relief Requested

" Punitive Damages may be awarded In an action In
which a victim of a violation of the Federal constitution
by a Federal official, sues In Federal court to recover
damages against that offical." Plantiff asks this Honorable
court to recognize the Deliberate Indifference and
violation of his constitutional rights by the Defendants
and to provide:

1. Punitive Damages In the amount of
$ 2,000,000.00
2. Compensatory Damages
3. costs and fees associated with this claim
4. Any other relief under the law,

Plantiff would also like to request that this case by tried

8

by a jury.

This Relief IS SO PRAYED.

Respectfully submitted,

Anthony D. Johnson
#25082-076

5/31/2023

9

I hereby certify under penalty of perjury that the above complaint

is true to the best of my information, knowledge and belief.

I further certify that this motion was placed in the mailroom at

FCI Edgefield on this 31 day of May_____, 2023.
Pages # 1 through 54.

Plaintiff Signature

10